Andrew McLain, J.,
delivered the opinion of the Court.
This is an action of trespass commenced in the Circuit Court of Franklin County, by Turney and Taylor, executors of the will of Hopkins L. Turney, deceased.
The land upon which the trespass is alleged to have been committed, was conveyed by his will to his widow and a part of his children.
One clause of the will is in these words:
“ The portion of my wife is hereby vested in my' executors, and who are directed to convey such portion to the sole and separate use of my wife during her natural life, and at her death, to be disposed of as hereinafter directed.”
The next clause is in these words:
“The portions of my daughters are vested in my executors, who are required to convey the same to the sole and separate use of each daughter during life; remainder to the heirs of her body forever.”
Item four is in these words:
“I charge my real estate with the support, maintenance and education of my youngest children; and for that purpose my executors may rent all of my lands which my wife does not desire to cultivate; and they may, by and with her consent, sell all or any portion of my real estate on such terms as in their judgment will best promote the interest of those interested, keeping the proceeds of such sale at interest until the youngest child arrives at mature age, at which time *269 said fund will be equally distributed among my devisees hereinafter mentioned; and in the event of the sale of my real estate, my executors will provide for a decent and comfortable support during her life or widowhood.”
At the trial, after the jury had been impaneled, the plaintiffs moved the Court for leave to amend the pleadings, by making the widow, Teresa Turney, and Wm. E. Taylor and wife, Malinda; Gideon Ellis and wife, Mary Teresa Turney, and P. Turney, next friend of Joseph Turney, joint plaintiffs, with P. Turney and Wm. E. Taylor, executors.
This was allowed, and the defendants excepted.
It was agreed that Hopkins L. Turney had the legal title to the lands described in the declaration; and that the plaintiffs are the devisees under the will, and that Hopkins L. Turney, Jr., had conveyed his interest to Peter Turney.
The jury returned a verdict for the plaintiff for eleven hundred dollars; and, by consent of the plaintiffs, five hundred and fifty dollars of this amount was remitted, and judgment rendered for four hundred and fifty dollars and costs. From this judgment, the defendant appealed to this Court.
It appears, that during the time the alleged trespasses were committed, the widow, Teresa Turney, was absent in the South*; and it does not distinctly appear that any of the devisees were in actual possession. The witness, J. W. Custer, swears that he was employed by Turney and Taylor, executors of H. L. Turney, to go into possession of the lands in controversy in this case, *270 late in the Fall of 1862 : that he went into possession and remained in possession until about the last of February, 1864.
It was during this period, that a portion of the trespasses are alleged to have been committed.
It is insisted by the defendant, that the Court erred in permitting the plaintiffs to amend by adding new parties, after the jury were sworn.
Section 2867 of the Code, provides that the Court may allow material amendments, at any stage of the proceedings, upon such terms and subject to such rules as it may prescribe.
We do not think that there is anything in the objection taken, for which judgment ought to be reversed. It does not appear that defendant was less able to make defense to the action, after these new parties were added, than he was before; or that he was in anywise prejudiced by this amendment. Indeed, the widow and daughters of testator, were unnecessary parties.
Even though the defendant had brought in issue the title (which he did not do) by claiming title in himself, or (right under) some other person, the widow and daughters were unnecessary parties, as the legal title to their shares was vested in the executors.
We do not say that Joseph Turney might not have been properly made a party.
We think the amendment was improperly allowed as to the widow and daughters; but although this is so, it does not appear that the defendant- has been, in any way, prejudiced by their being made parties.
*271 This being so, we think it is no sufficient ground of reversal; and we should feel constrained to approve the judgment, were this the only alleged error.
The plaintiff introduced James Crowden as a witness, by whom he proceeded to prove a conversation between a negro, while in the employment of the defendant and the witness.
The witness stated, that while the negro was engaged hauling rails, and placing them around the field of defendant, the negro said to witness, that he got the rails on the Turney place, by direction of defendant, and that defendant asked him if any person saw him, to which the negro said he replied to defendant, that Robert Krumhame saw him.
It is certainly true, that it is competent to prove, in connection with an act, which it is competent to prove, what the individual said while performing the act, which is explanatory of the act. What is thus said, is so intimately blended with the act which is proved as to constitute a part of it, and is sometimes termed verbal acts, and are allowed to go to the jury as a part of the res gestee.
But, in the present instance, the conversation between the witness und the negro cannot be brought within this rule. If it were conceded to have been competent to prove that the negro said he got the rails from the Turney place, by the direction of the defendant, it was certainly going outside of every rule of - evidence, to allow the witness to state that .the negro said the defendant asked him if any person saw him take the rails. Such evidence was illegal, and calculated to im *272 press upon the minds of the jury that the defendant was taking the rails stealthily.
Let the judgment be reversed, and the cause remanded.